CLD-034                                                              **NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 21-2756
_____

MICHAEL WALKER; MAURICE PEARSON,
Appellants

v.

PENNSYLVANIA DEPARTMENT OF CORRECTIONS; JOHN E. WETZEL,
Secretary of Corrections; KEVIN KAUFFMAN, Superintendent, SCI Huntingdon;
J. KOHLER, Deputy Superintendent of Facilities Services, SCI Huntingdon;
S. WALTERS, Deputy Superintendent of Centralized Services, SCI Huntingdon; JILL
SPYLHER, Deputy Superintendent of Centralized Services, SCI Huntingdon; PAULA
PRICE, Health Care Administrator, SCI Huntingdon; A. SCALIA, Institution Safety
Manager, SCI Huntingdon; G. POWELL, Facility Maintenance Manager #1, SCI
Huntingdon; MR. HOUP, Laundry Department Supervisor, SCI Huntingdon; W.
HOUSE, Major of the Guards; C. LOY, Major of Unit Management; GEORGE
RALSTON, Unit Manager; M. YOST, Unit Manager
_____

On Appeal from the United States District Court
for the Middle District of Pennsylvania
(D.C. Civil Action No. 3-20-cv-01608)
District Judge:  Honorable Robert D. Mariani
_____

Submitted for Possible Dismissal Pursuant to 28 U.S.C. § 1915(e)(2)(B) or
Summary Action Pursuant to Third Circuit LAR 27.4 and I.O.P. 10.6
November 23, 2021
Before:  AMBRO, SHWARTZ and BIBAS, Circuit Judges

(Opinion filed: December 2, 2021)

_____

OPINION[*]

_____

PER CURIAM

Michael Walker, a prisoner proceeding pro se and in forma pauperis, appeals the District Court's denial of his motion for a preliminary injunction. For the reasons that follow, we will affirm.

Walker and co-plaintiff Maurice Pearson brought this action pursuant to 42 U.S.C. § 1983, alleging that the Pennsylvania Department of Corrections ("DOC") and its agents and employees at SCI-Huntingdon—where Walker and Pearson are incarcerated—violated the Eighth Amendment[1] in responding to the Covid-19 pandemic. They sought money damages, a declaratory judgment that their Eighth Amendment rights had been violated, and "injunctive relief ordering that Defendant[s] . . . formulate and implement [(a)] 'new' and 'updated' directives that meet[] constitutional standards of modern prison conditions at SCI-Huntingdon, [(b)] immediate and active 'plan of reconstruction' at SCI-Huntingdon prison, and (c) immediate and effective constructive changes to SCI-Huntingdon prison." Compl. 39, ECF No. 1.

_____

[*] This disposition is not an opinion of the full Court and pursuant to I.O.P. 5.7 does not constitute binding precedent.

[1] Plaintiffs' complaint also included claims under the Pennsylvania Constitution, but the motion for preliminary injunction at issue here rested solely on their federal constitutional claims.

Together with their complaint, plaintiffs filed a motion for preliminary injunctive relief. They asserted that "Defendants should be enjoined from . . . fail[ing] to furnish adequate and humane . . . living and housing conditions at SCI-Huntingdon, and violating Plaintiff's constitutionally protected rights not to undergo cruel and unusual punishments." ECF No. 7 at 30. The District Court denied their motion, and Walker timely filed a notice of appeal.[2] Our Clerk informed Walker that we would consider whether the appeal should be dismissed under 28 U.S.C. § 1915(e) and whether summary action was appropriate, and he has filed an argument in support of the appeal.

We have jurisdiction to review an order refusing a preliminary injunction under 28 U.S.C. § 1292(a)(1). We review the District Court's denial of a preliminary injunction for abuse of discretion but review the underlying factual findings for clear error and examine legal conclusions de novo. See Brown v. City of Pittsburgh, 586 F.3d 263, 268 (3d Cir. 2009). We may summarily affirm "on any basis supported by the record" if the appeal fails to present a substantial question. See Murray v. Bledsoe, 650 F.3d 246, 247 (3d Cir. 2011) (per curiam); 3d Cir. L.A.R. 27.4; I.O.P. 10.6.

"[The] purpose of a preliminary injunction is merely to preserve the relative positions of the parties" pending trial, Benisek v. Lamone, 138 S. Ct. 1942, 1945 (2018) (quoting Univ. of Texas v. Camenisch, 451 U.S. 390, 395 (1981)), and "is not to

---

[2] Pearson was terminated as a party to this appeal for failure to sign the notice of appeal. See Order, CA3 ECF No. 11 (citing 3d Cir. L.A.R. Misc. 107.1(a), 107.2(a)).

conclusively determine the rights of the parties . . . but to balance the equities as the litigation moves forward," <u>Trump v. Int'l Refugee Assistance Project</u>, 137 S. Ct. 2080, 2087 (2017) (citing <u>Camenisch</u>, 451 U.S. at 395).

The record here supports denying the relief sought. Though worded differently, the motion and complaint functionally seek the same injunctive relief: a declaration that the housing conditions at SCI-Huntingdon violate the Eighth Amendment, and an order compelling the DOC and prison administrators to alter their health and safety protocols and to renovate SCI-Huntingdon. The scope of these requests far exceeds the appropriate reach of a preliminary injunction, as granting them would do much more than "preserve the relative positions of the parties."

Accordingly, this appeal does not present a substantial question, and we will affirm the District Court's denial of the motion.[3]

---

[3] Appellant's motion to appoint counsel is denied. <u>See</u> <u>Tabron v. Grace</u>, 6 F.3d 147, 155 (3d Cir. 1993).